# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 06-CR-33-JHP |
| | ) | |
| ANTHONY JOHN COLLINS, | ) | |
| WILLIAM JAHJA, | ) | |
| SUKALI SUKALI, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## FINDINGS AND RECOMMENDATION

The following motions have been referred to the undersigned United States

Magistrate Judge for findings and recommendations:

Defendant Collins:
> Motion to Dismiss Counts 12, 14, 16, 18, 20 [Dkt. 90];
> Motion for Severance of Co-Defendants [Dkt. 91];
> Motion for Pretrial Disclosure of Alleged Co-Conspirator Hearsay [Dkt. 92] and
> Request for a Pretrial Evidentiary Hearing [Dkt. 93];

Defendant Jahja:
> Motion to Sever Trial From Other Defendants [Dkt. 94];
> Motion to Adopt the Motions of Defendant Sukali Sukali to Limit Use of Evidence
> Pursuant to Fed.R.Evid. 801(d)(2)(E) and For A Bill of Particulars [Dkt. 98];

Defendant Sukali:
> Combined Motions for Severance to Limit Use of Evidence Pursuant to Fed.R.Evid.
> 801(d)(2)(E) and For Bill of Particulars [86].

The Government filed responses to the motions and a hearing on the motions was

held on June 13, 2006, with the defendants personally present and represented by counsel.

## **Background**

The indictment charges seven defendants with a Conspiracy to Possess With the Intent to Distribute and to Distribute Methamphetamine and Pseudoephedrine from in or about 1999 to July 30, 2004.  The conspiracy count sets forth 112 overt acts in furtherance of the conspiracy.  The indictment also charges 36 substantive offenses against individual defendants which in large part correspond to the overt acts set forth in the conspiracy count.

## **Motions for a Bill of Particulars by Defendants Sukali and Jahja [Dkts. 86, 98]**

Defendants Sukali and Jahja seek a Bill of Particulars pursuant to Fed.R.Crim.P. 7(f) setting forth the specific dates they are alleged to have sold pseudoephedrine and the identities of the persons they allegedly sold the pseudoephedrine to.  The defendants contend that the indictment which lists the dates of the offenses in terms such as "in or about late 2003" or "in or about February 2004" or "in or about Spring 2004" are so vague that they cannot mount a defense and are subject to being surprised by the Government's case at trial.

The Government responds that the defendants have been provided, or will shortly be provided, all reports and Grand Jury testimony in the case.  Further, in its Response to the Motion for a Bill of Particulars, the Government has set out specific conduct by these defendants, including times, locations, amounts of drugs and amounts of money which the Government contends support the charges.  Finally, the Government represented at the hearing that the dates provided in the indictment are as precise as it can be based upon the evidence available to the Government and, therefore, the Government would be unable

2

to add any more specificity with regard to the dates even if a Bill of Particulars were ordered by the Court.

The purpose of a Bill of Particulars under Fed.R.Crim.P. 7(f) is to enable the defendant to prepare his defense, to minimize surprise at trial and to allow the defendant to plead former jeopardy should he be prosecuted for the same offense again. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Torres*, 901 F.2d 205 (2nd Cir. 1990).  In this case, the defendants have been given all of the reports and Grand Jury testimony.  This provides the defendants with the substance and considerable detail of the case they must prepare to defend and greatly reduces the chance of surprise at trial.  While the defendants' arguments may well have been persuasive if the discovery had not been provided prior to trial, in light of the discovery provided the undersigned concludes that Defendants Sukali and Jahja have been sufficiently apprised of the particulars of the crimes charged to minimize surprise at trial and to obtain facts needed to prepare their defense. The undersigned also concludes that Defendants Sukali and Jahja would be able to plead former jeopardy in any subsequent prosecution.   The undersigned, therefore, RECOMMENDS that the Motions for a Bill of Particulars Under Fed.R.Crim.P. 7(f) should be DENIED.

### Defendant Collins' Motion to Dismiss [Dkt. 90]

Defendant Collins alleges Counts 12, 14, 16, 18 and 20 should be dismissed because they do not set forth the times, place and manner in which the law was violated. However, as Defendant Collins acknowledged in his motion, the test of the sufficiency of an indictment under Fed.R.Crim.P. 7(c)(1) is whether it sets forth the essential facts of the offense and is such that the defendant can plead former jeopardy to any subsequent

3

prosecution.  Defendant Collins fails to argue how the indictment is insufficient under this test.  Instead, at the hearing Defendant Collins argued that the indictment was insufficient because it failed to advise him of the manner in which the crimes were committed such that he could prepare a defense and argued that either a Bill of Particulars or a Pretrial Witness List would be appropriate.

The counts of the indictment at issue in this motion set forth the essential facts of the offenses charged, allege that they were committed in the Northern District of Oklahoma, set forth the month "in or about" they were alleged to be committed, specify the illegal substance involved and cited the applicable statute alleged to be violated.  Therefore, Counts 12, 14, 16, 18 and 20 are sufficient under Fed.R.Crim.P. 7(c)(1) and Defendant Collins' Motion to Dismiss should be DENIED.

With regard to Defendant Collins' argument at the hearing that a Bill of Particulars or a Pretrial Witness List would be appropriate, that request should be DENIED based upon the reasons set forth with regard to Defendants Sukali's and Jahja's Motion for a Bill of Particulars.   Finally, the defense has been, in effect, provided with a witness list through the discovery provided by the Government.  The Government represented at the hearing that all of the witnesses the Government anticipates calling at trial are disclosed in the discovery, with the exception of a witness who recently became available to the Government and who will be identified to the defense in the next few days along with the reports concerning this new witness.

## Motions of Defendants Sukali, Jahja and Collins
## Regarding Fed.R.Evid.801(d)(2)(E) [Dkt. 92, 93, 95, 86]

Defendants Sukali, Jahja and Collins seek disclosure of all statements the Government may offer under Fed.R.Evid. 801(d)(2)(E) and a pretrial hearing as to the admissibility of such statements.

The three-part test for the admissibility of statements under Fed.R.Evid. 801(d)(2)(E) and the "strong preference" for pretrial hearings on the issue of such statements' admissibility is well established in the Tenth Circuit. *U.S. v. Owens*, 70 F.3d 1118 (10th Cir. 1995).

At the hearing, there was some uncertainty by the Government as to whether it intended to offer any evidence under Fed.R.Evid. 801(d)(2)(E).  However, the Government offered no reason why the Court should not conduct a pretrial hearing on the admissibility of any such evidence prior to trial should the Government seek to admit any evidence on that basis.

This case appears particularly appropriate for requiring the Government to identify any statements it intends to offer under Fed.R.Evid. 801(d)(2)(E) prior to trial and holding a hearing on the admissibility of such statements prior to trial.  The indictment at Paragraph 11 states that, at times, the individual defendants were acting alone in their illegal activities and Defendants Sukali and Jahja are alleged to have joined an on-going conspiracy in 2003, 3 or 4 years after the conspiracy began.  In these circumstances, the issues of whether the individual defendants were members of the conspiracy with the declarant and whether the statement was made in the course of and in furtherance of the conspiracy, can more accurately be determined at a pretrial hearing.

5

The undersigned United States Magistrate Judge therefore RECOMMENDS that the Government be required to identify all statements it intends to offer under Fed.R.Evid. 801(d)(2)(E) by a date certain prior to trial and that the Court hold a pretrial hearing on the admissibility of such statements.

### Motions for Severance of Sukali, Jahja and Collins [Dkt. 91, 94, 86]

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Court recognized the preference for having joint trials of defendants indicted together under Fed.R.Crim.P. 8(b).  Such joint trials were said to play a vital role in the criminal justice system.  Regarding severance under Fed.R.Crim.P. 14, the Court stated:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro*, 534 U.S. at 539.

Defendants Sukali, Jahja and Collins do not identify any specific trial right which will be compromised by a joint trial.  Rather, they argue that the jury will not be able to make a reliable judgment because of the overwhelming and prejudicial evidence against their co-defendants and the fact that Defendant Sukali and Jahja had no involvement in the alleged crimes until 2003, some 3 or 4 years after the alleged conspiracy began in 1999.

Essentially, the defendants are arguing that the spillover effect from the evidence against the co-defendants is such that a severance should be granted.  However, such an argument is generally insufficient to warrant severance. *United States v. Hack*, 782 F.2d 862 (10th Cir. 1986).  And, although the defense argued that the Court has the discretion

6

to order separate trials, such discretion must be exercised based upon the facts and circumstances of the particular case.

In this case, although Defendants Sukali and Jahja are not alleged to be involved until 2003, their personal involvement is alleged to be the distribution of pseudoephedrine, knowing or having reason to know that it would be used to manufacture methamphetamine. Therefore, evidence of methamphetamine production and use by co-defendants is logically connected to the charges against Defendants Sukali and Jahja and cannot be said to be prejudicial under Fed.R.Crim.P. 14. Additionally, at the hearing, the Government stated it did not intend to offer evidence of the production or use of methamphetamine in front of children, which the defendants feared would be inflammatory.

Based upon the above arguments and in light of the general rule in this circuit that persons jointly indicted should be tried together, especially in conspiracy cases, *United States v. Rinke*, 778 F.2d 581 (10th Cir. 1985), and the important considerations of economy and expedition in the judicial process, *United States v. Maybry*, 809 F.2d 671 (10th Cir. 1987), the undersigned RECOMMENDS that the Motions for Severance be DENIED.

## Conclusion

Based upon the findings set forth above, the undersigned United States Magistrate Judge RECOMMENDS that:

Defendant Collins:
 Motion to Dismiss Counts 12, 14, 16, 18, 20 [Dkt. 90] be DENIED;
 Motion for Severance of Co-Defendants [Dkt. 91] be DENIED;
 Motion for Pretrial Disclosure of Alleged Co-Conspirator Hearsay [Dkt. 92] and
 Request for a Pretrial Evidentiary Hearing [Dkt. 93] be GRANTED;

Defendant Jahja:

7

Motion to Sever Trial From Other Defendants [Dkt. 94] be DENIED;

Motion to Adopt the Motions of Defendant Sukali Sukali to Limit Use of Evidence Pursuant to Fed.R.Evid. 801(d)(2)(E) and For A Bill of Particulars [Dkt. 98] be GRANTED;

Defendant Sukali:

Combined Motions for Severance to Limit Use of Evidence Pursuant to Fed.R.Evid. 801(d)(2)(E) and For Bill of Particulars [Dkt. 86] be GRANTED IN PART and DENIED IN PART as set forth above.

In accordance with 28 U.S.C. §636(b), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, 28 U.S.C. §636(b) directs the District Judge to:

> make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

SUBMITTED this 14th day of June, 2006.

Frank H. McCarthy

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE

8