IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-33-01-JHP |
| ) | |
| ANTHONY JOHN COLLINS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes on for consideration of the Findings and Recommendation of the Magistrate Judge. This Court has reviewed the Motions filed by Defendant Collins (Dkts. 90, 91, 92 and 93), as well as the hearing held before the Magistrate Judge on June 13, 2006. Defendant Collins has filed objections (Dkt. 153) to the Magistrate Judge's Recommendation that his motion to dismiss Counts 12, 14, 16, 18, and 20 (Dkt. 90) should be denied. Additionally, Defendant Collins filed a response to the Magistrate Judge's recommendation that a pretrial hearing be held to identify any statements the government intends to offer under Fed.R.Evid. 801(d)(2)(E) indicating he agrees with the Magistrate Judge's recommendation. *See*, Dkt. 153. Defendant Collins filed no objections to the Magistrate Judge's findings and recommendation regarding his Motion to Sever.

The defendant's objections mirror his pretrial motion to dismiss. A review of the indictment reveals, as found by the Magistrate Judge, that the essential elements of the offenses charged have been properly alleged in the indictment. Additionally, the indictment

alleges that each of these counts were committed in the Northern District of Oklahoma, set forth a time "in or about" when they were alleged to be committed, specify the illegal substance involved and cite the applicable stated the defendant is alleged to have violated. As found by the Magistrate Judge, the indictment satisfies the legal requirements found in Fed.R.Crim.P 7(c)(1). Therefore, the defendant's objection is overruled and the Court adopts the Magistrate Judge's Finding and Recommendation regarding the defendant's motion to dismiss. Accordingly, Defendant Collins Motion to dismiss (Dkt. 90) is hereby denied.

The Defendant further indicates he agrees with the Magistrate Judge's statement that it is well established in the Tenth Circuit that there is a "'strong preference' for pretrial hearings on the issue of such statements' admissibility." (citing *U.S. v. Owens*, 70 F.3d 1118 (10th Cir. 1995). This Court has carefully reviewed the *Owens* case and does not see any requirement that a "pretrial hearing" be held on the issue of the admissibility of a co-conspirator's statements. Rather, the court in *Owens* stated the following regarding the admission of out-of-court statements by co-conspirators as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E):

> Before admitting evidence under this rule, " 'The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.' " *United States v. Urena,* 27 F.3d 1487, 1490 (10th Cir.) (quoting *United States v. Johnson,* 911 F.2d 1394, 1403 (10th Cir.1990), *cert. denied,* 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991)), *cert. denied,* --- U.S. ----, 115 S.Ct. 455, 130 L.Ed.2d 364 (1994). The district court may make these factual determinations using either of two procedures: (1) It may hold a " *James* hearing," *see generally, United States v. James,* 590 F.2d 575 (5th Cir.), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), outside the presence of the jury to determine whether the predicate conspiracy

> existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, *i.e.,* that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Urena,* 27 F.3d at 1491. The former procedure is "strongly preferred" in this Circuit. *Id.*

*Id.,* at 1123.

While this Court agrees that holding a *James* hearing outside the presence of the jury, prior to admission of out-of-court statements by co-conspirators is the preferable method, nothing within this rule requires that the *James* hearing be conducted prior to trial. Furthermore, in *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987), the Court held a defendant has

> no distinct right to a pretrial hearing with regard to the conspiracy determination. *United States v. Monaco,* 700 F.2d 577, 581 (10th Cir.1983) ("a trial court has no obligation to determine admissibility of possible hearsay at the pretrial stage"); *United States v. Ammar,* 714 F.2d 238, 246-47 (3d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Nichols,* 695 F.2d 86, 90 (5th Cir.1982). "At times, the court will be able to make its determination on the basis of proffers or even on the opening or what it knows of the available proof from the pretrial or suppression hearings." 1 Weinstein's Evidence ¶ 104 [05] at 104-56 (1986).

There is no abuse of discretion in denying a pretrial *James* hearing when the pretrial hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure. *Hernandez, supra.* In this case, Count One of the Indictment alleges a drug conspiracy, in violation of 21 U.S.C. § 846, involving seven (7) indicted co-conspirators as well as other known and unknown unindicted co-conspirators. The conspiracy is alleged to have lasted approximately five years, from 1999 until July 30, 2004. Additionally, the entire indictment contains 37 counts and is 60 pages long. While this Court is not privy to the discovery

herein, Defendant Collins' Motion for Pretrial Disclosure of Alleged Co-Conspirator Hearsay and Request for a Pretrial Evidentiary Hearing (Dkt. 92) indicates there are over 2,000 pages of discovery which has been provided by the government. As a result, this Court finds a pretrial *James* hearing would be lengthy, extremely cumbersome and waste of judicial economy. This Court has previously ordered the government to file a written proffer (Dkt.. 166) containing all the evidence it intends to offer pursuant to Fed.R.Evid. 801(d)(2)(E) in an effort to help the court identify when, and if any *James* hearings will be required. It is the Court's intent to hold any such hearings during the trial of this matter but outside the presence of the jury, prior to the admission of any co-conspirators statements within the purview of Rule 801(d)(2)(E). To the extent that recommendation of the Magistrate Judge differs from this order, this Court rejects said recommendation. Accordingly, it is the order of this Court that Defendant Collins' Motion for Pretrial Disclosure of Alleged Co-Conspirator Hearsay (Dkt. 92) is granted in part, insofar as the government has been ordered to file a written proffer of evidence falling within the purview of Rule 801(d)(2)(E) and Defendant Collins' Request for a Pretrial Evidentiary Hearing (Dkt. 93) is hereby denied.

Further, Defendant Collins has not objected to the Magistrate Judge's findings and recommendation that his Motion for Severance of Co-Defendants (Dkt. 91) be denied. After reviewing the findings and recommendation of the Magistrate Judge on this issue, the court hereby adopts the Magistrate Judge's findings and recommendation as to Defendant Collins'

Motion for Severance of Co-Defendants. Accordingly, Defendant Collins Motion for Severance (Dkt. 91) is denied.

It is so ordered on this 27th day of June, 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma